## GEORGE A. FULLER CO. v. UNITED STATES.

### No. 45567.

Court of Claims.

Jan. 7, 1946.

Alexander M. Heron, of Washington, D. C. (Hinton & Heron, of Washington, D. C., on the brief), for plaintiff.

Percy M. Cox, of Washington, D. C., and John F. Sonnett, Acting Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and JONES, Judges.

JONES, Judge.

This suit is for increased labor costs in a housing construction contract.

The plaintiff, a corporation, for a consideration of $2,569,975 agreed to furnish the labor and materials and perform the work required for the construction of Outhwaite Housing Project in Cleveland, Ohio.

The contract, which was dated October 21, 1935, set out a schedule of wages that were to be paid by the contractor and any subcontractors to which any part of the construction program might be sublet. The wage rates were subject to change by the Federal Emergency Administrator of Public Works, but in that event the contract price was to be adjusted accordingly on the basis of all actual labor costs on the project, whether under the original contract or any subcontract. There was a further provision that the Government would not consider any claims for additional compensation because of the payment by the contractor of any wages in excess of the applicable rate contained in the schedules.

The contract included a provision that all labor issues and, except as otherwise specified, all other issues, should be decided by the contracting officer or his duly authorized representative, subject to written appeal to the head of the department.

The plaintiff sublet most of the contract work. Completion of the work was delayed beyond the date agreed, but extensions were granted, and no liquidated damages were assessed. Plaintiff seeks to recover only the increased labor costs.

After the work was in progress representatives of organized labor notified the plaintiff that the scale of union wages would increase March 2, 1936. The plaintiff and its subcontractors were at that time paying the scale of wages set out in the specifications. They refused to meet the demand for an increase and the men left the job. Plaintiff requested defendant to agree to pay the amount of increased wages demanded. Defendant refused. Plaintiff thereupon agreed with the union to pay the increase and work was resumed. On March 1, 1937, representatives of organized labor again demanded an increase in wages. Plaintiff and its subcontractors agreed to the demand.

The subcontractors filed with the plaintiff their respective claims for reimbursement for the increased wages paid. The plaintiff has not paid these claims, but has included them along with its own claim in this suit.

Neither party was in any way responsible for the increase in wages demanded by the organized trade unions of Cleveland, Ohio, and later paid by the plaintiff and its subcontractors after March 1, 1936, nor for the conditions which brought about such demands.

Plaintiff duly filed its claim for the increased labor costs. The contracting officer denied the claim. On appeal the decision of the contracting officer was sustained.

Under the decisions of the Supreme Court the plaintiff is not entitled to recover on its own claim, nor is it entitled to recover on behalf of the subcontractors who had paid increased wages.

Article 15 clothes the contracting officer with authority to settle these disputes, subject to appeal to the head of the department. Section 12 of Division I of the contract specifications, entitled "Instructions to Bidders," and the section "Wage Rates Determined Pursuant to Regulation No. 1, Issued under Executive Order No. 7046, of May 20, 1935," contains the following provision: "The Government will not consider any claims for additional compensation made by the contractor because of payment by the contractor of any wage rate in excess of the applicable rate contained herein."

This is like a mortgage clause in a deed which has the effect of transforming what would otherwise be a deed of conveyance into a mortgage lien.

An exactly similar provision was contained in the specifications involved in the case of United States v. Beuttas et al., 324 U.S. 768, 770, 65 S.Ct. 1000. The court held that the plaintiff was not entitled to recover.

We are not unmindful of the hardships with which plaintiff and its subcontractors were faced. They entered into the contracts in good faith, apparently calculating their bid price in reliance on wage rates set pursuant to the schedules contained in the specifications. It was not their fault that they were compelled to pay higher wages. In the circumstances they had no choice in the matter. On the other hand,

it was not the fault of the representatives of the Government who had the responsibility of handling the issues involved in this project. Under the plain terms of the contract and specifications, and in the light of the decision of the Supreme Court, plaintiff cannot recover.

The petition will be dismissed. It is so ordered.

MADDEN, Judge, took no part in the decision of this case.